Deborah USERY, Plaintiff–Respondent,

v.

Dean LESSLEY, et al.
Defendants–Appellants.

No. 16909.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 7, 1991.

Virginia L. Fry, Rana L. Faaborg, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for defendants-appellants.

John Lightner, Dorr, Baird & Lightner, Springfield, for plaintiff-respondent.

FLANIGAN, Chief Judge.

Plaintiff Deborah Usery brought this action against defendants, who are partners who operate a hotel known as the Residence Inn in Springfield. Plaintiff was employed by defendants from December 1987 through February 1989. Her initial employment was as a sales representative. Later she was promoted to director of sales and then to assistant general manager. Defendant Dean Lessley, "the managing partner," testified that around "February 25 or 26, 27 [1989], whatever that Saturday would be, ... I made the decision right then and there that Monday morning she was going to be terminated and that is what occurred."

The petition sought recovery of a bonus, pursuant to one portion of the unwritten employment agreement between plaintiff and defendants. The bonus, which was not paid, amounted to $5,525. The defense was that there was no such bonus provision in the oral contract. Sitting without a jury, the trial court found the issues in favor of plaintiff and awarded her judgment in the amount of $5,525, together with interest. Defendants appeal.

Appellate review of this court-tried case is governed by Rule 73.01(c), V.A.M.R. This court must give due regard to the opportunity of the trial court to have judged the credibility of the witnesses. The judgment of the trial court will be sustained unless there is no substantial evidence to support it, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v.*

*Carron,* 536 S.W.2d 30, 32[1] (Mo. banc 1976).

At the conclusion of the evidence, and prior to preparing his meticulous findings of fact and conclusions of law, the trial court said: "I don't see that there is any giant legal problem here. It sounds to me like this is more of a swearing match than it is some esoteric legal problem." This court agrees.

Defendants present two points on appeal, each of which involves an attack upon the credibility of plaintiff and an attempt to support the credibility of defense witness Dean Lessley. Defendants argue that the judgment is against the weight of the evidence.

"Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Murphy,* at 32. This court has no such firm belief. The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. An opinion would have no precedential value.

In accordance with Rule 84.16(b), V.A. M.R., the judgment is affirmed.

HOGAN and SHRUM, JJ., concur.